UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ROBERT L. HAYES, Jr., | : | |
| --- | --- | --- |
| Plaintiff, | : | Civ. No. 13-0608 (PGS) (LHG) |
| v. | : | OPINION |
| GREG MORRIS, | : | |
| Defendant. | : | |

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is currently confined at the Middlesex County Adult Correction Center in New Brunswick, New Jersey. Plaintiff brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 and has submitted an application to proceed *in forma pauperis*. Based on the information in the *in forma pauperis* application, the Court will grant plaintiff's application to proceed *in forma pauperis* and will order the Clerk to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Construed liberally, plaintiff's complaint asserts that his constitutional rights were violated due to false arrest/false imprisonment and that he suffered from an unlawful search and seizure. For the reasons set forth below, the complaint will be dismissed without prejudice with leave to amend, but the unlawful search and seizure claim will be dismissed with prejudice.

1

## II. BACKGROUND

Plaintiff brings this action against defendant police officer Greg Morris. He states that Morris is involved as follows:

> He took my cell-phone without a warrant to try and find evidence to try to charge me with a crime of murder, and I was unlawfully charged and arrested for obstruction of justice. And G. Morris is the leading officer came out of his jurisdiction of Old Bridge, NJ, Middlesex County, NJ into Aberdeen Township, NJ, in Monmouth County, NJ without permission from Aberdeen Township Police Department, and made up false charges to hold me to try to build a case against me. And G. Morris also charged me and arrested me for hindering for giving him a false name. I was unlawfully charged and arrested for hindering.

(Compl. at p. 4.) Plaintiff also alleges as follows in his statement of claims in the complaint:

> On April 8, 2010, the leading police officer G. Morris from the Old Bridge Police Department arrived at a house at 19 Gordon St. in Cliffwood, NJ, 07721. He was advised that I was in the backyard, when he reached the backyard of the house, he saw that I was not there. G. Morris then subsequently entered the house and located me in a closet. G. Morris had absolutely no contact with me prior to finding me in the house and under those circumstances I was not lawfully liable for obstruction of justice. So when he found me in the closet he pulled me out and threw me on the ground, and the closet I was in was in one of the upstairs bedrooms. The house is a two story house so after he entered the front door he searched the whole first floor of the house and then went upstairs to the second floor and found me, and asked me what was my name and I told him a name that wasn't mine. So he charged me with hindering for giving false information to a police officer but really I was just answering his question that he initiated, so I was not lawfully charged with hindering. And a few seconds later my cell-phone was taken without a warrant he never served me with a warrant for my cell-phone, he just took it.
>
> And during all of this Aberdeen Township had no assistance in the matter. During my suppression hearing June 15, 2011, G. Morris took the stand and testified that he had no idea if Aberdeen township police department was even around to help him. G. Morris was suppose [sic] to contact Aberdeen township police department and ask them to escort him to a house that's located at 19 Gordon St., Cliffwood NJ, 07721 or ask Aberdeen Township

> Police Department to apprehend me at Aberdeen Township Police
> Department so he could see if he could talk to me about a murder
> in Old Bridge, NJ. Cause the reality of it all is all G. Morris
> wanted to do was talk to me. He just wanted to ask me some
> questions. Instead he went crazy and started conducting himself
> recklessly.

(*Id.* at p. 6.) Plaintiff seeks $500,000 for pain and suffering as well as for the violations of his constitutional rights. He also seeks an additional $500,000 for his false imprisonment. (*See id.* at p. 7.)

### III.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321 (Apr. 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). This action is subject to both 28 U.S.C. § 1915(e)(2)(B) and 1915A because plaintiff is proceeding *in forma pauperis* and is a prisoner.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible which "allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible. *See* 556 U.S. at 678-79; *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citation omitted). The Court liberally construes the complaint in favor of plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) ("Pro se filings . . . must be liberally construed.").

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. 1983 for certain violations of his Constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Tp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988)).

## IV. DISCUSSION

A. False Arrest/False Imprisonment

Plaintiff first asserts claims of false arrest and false imprisonment stemming from his arrest on April 8, 2010. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing *Groman*, 47 F.3d at 636). Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office*, No. 11-3588, 2012 WL 273887, at 4 n.2 (D.N.J. Jan. 31, 2012) (citing *Groman*, 47 F.3d at 636). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted).

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998); *see also LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (per curiam) ("Claims for false arrest and assault . . . typically accrue on the date of the arrest or the assault, because that that point, the plaintiff has reason to know of the injury.") (citation omitted). The limitations period begins to run only when the victim becomes held by the legal process, for example, when he is bound over by a magistrate or arraigned on charges. *See Wallace v. Kato*, 539 U.S. 384, 389-90 (2007); *see also Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3d Cir. 2010).

Federal courts look to state law to determine the limitations period for § 1983 actions. *See Wallace*, 549 U.S. at 387-88 ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations[.]"). A complaint under § 1983 is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique*, 603 F.3d at 185 (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)). In New Jersey, § 1983 claims are subject to New Jerseys' two-year statute of limitations on personal injury actions. *See id.* at 185; *see also* N.J. STAT. ANN. § 2A:14-2.

While state law governs the applicable statute of limitations, federal law controls when a § 1983 claim accrues. *See Wallace*, 549 U.S. at 388. As previously described, in this case, the limitations period for plaintiff's false arrest and false imprisonment claim began when he became "detained pursuant to the legal process." *See id.* at 389-90. The complaint alleges that plaintiff was arrested on April 8, 2010. However, the complaint does not state the date of his arraignment on his criminal charges. Presumably, plaintiff would have been arraigned at some point between

April 8, 2010 and the date of his suppression hearing on June 15, 2011. It appears that plaintiff's action for false arrest/false imprisonment may have accrued in April 2010, thereby making his January 2013 complaint untimely. However, as the Court cannot determine when plaintiff was "detained pursuant to the legal process," these claims will not be dismissed as time-barred.

While plaintiff's false arrest/false imprisonment claims will not be dismissed as time-barred at this time, the complaint fails to state an unlawful arrest/false imprisonment claim. Plaintiff's allegations cited above show that plaintiff failed to allege that Morris arrested him without probable cause. In any amended complaint that plaintiff may elect to file, he must allege that there was an arrest and that the arrest was made without probable cause. *See Pollock v. City of Phila.*, 403 F. App'x 664, 669 (3d Cir. 2010) ("To establish a Fourth Amendment claim for false arrest, [plaintiff] must show that [defendant] lacked probable cause to arrest him"); *see also Gaskins v. 17 Officers*, Civ. No. 09-1982, 2009 WL 4730189, at *5 (D.N.J. Dec. 4, 2009) ("To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.") (citing *Dowling*, 855 F.2d at 141). Plaintiff's complaint falls short of alleging a lack of probable cause. Indeed, not only does plaintiff fail to allege that Morris lacked probable cause to arrest him, but he in fact appears to admit to the hindering charge by admitting in the complaint that he gave Morris a false name. Under New Jersey law:

> A person commits an offense if, with purpose to hinder his own detention, apprehension, investigation, prosecution, conviction or punishment for an offense or violation of Title 39 of the Revised Statutes or a violation of chapter 33A of Title 17 of the Revised Statutes, he:
> (4) gives false information to a law enforcement officer.

N.J. Stat. Ann. 2C:29-3b(4). Before dismissing plaintiff's false arrest/false imprisonment claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915(e)(2)(B), the Court must grant plaintiff leave to amend the complaint unless amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In this case, because it is possible that plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, plaintiff shall be given leave to amend.

B. Unlawful Search and Seizure

Plaintiff also alleges that Morris seized his cell-phone without a warrant. Unlike plaintiff's false arrest/false imprisonment claim, this claim is time-barred by the applicable two-year statute of limitations.

Morris seized plaintiff's cell-phone on April 8, 2010. Plaintiff was present during this seizure. Therefore, plaintiff's unlawful search and seizure claim accrued on that date as he was present at the time of the search and seizure and thus had knowledge of the alleged injuries as they occurred. *Accord MacNamara v. Hess*, 67 F. App'x 139, 143 (3d Cir. 2003) (noting that any Fourth Amendment claim accrued on the same day as the allegedly unlawful search and seizure where plaintiffs were present at the search and had knowledge of the injury on that date) (citing *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989)); *Elozua v. State of N.J.*, Civ. No. 04-2029, 2008 WL 370926, at *5 (D.N.J. Feb. 11, 2008) (citing *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). The applicable two-year statute of limitations would have then expired in April 2012. Accordingly, by the time plaintiff executed this complaint in January 2013, the statute of limitations on his unlawful search and seizure claim expired. Plaintiff shall not be given leave to amend on his unlawful search and seizure claim as any amendment would be futile.

## V. CONCLUSION

For the reasons set forth above, the complaint will be dismissed without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), however, petitioner's unlawful search and seizure claim is dismissed with prejudice as it is barred by the statute of limitations. Plaintiff shall be granted leave to move to re-open this action and to file an amended complaint. If plaintiff chooses to file an amended complaint, it should be complete on its face because an amended complaint supersedes the original complaint.

DATED: 8/7/13

PETER G. SHERIDAN
United States District Judge